O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EDWIN D. MCMILLAN, | Case No. EDCV 01-00927-ABC (MLG) |
| Petitioner, | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTION TO |
| v. | AUGMENT RECORD ON APPEAL |
| ERNEST ROE, Warden, | |
| Respondent. | |

**I.   Factual and Procedural Background**

Petitioner is a state prisoner currently incarcerated at the California State Prison-Solano in Vacaville, California. He filed this motion for relief from judgment and motion to augment appeal on March 18, 2013. The contested judgment, entered by this Court on February 21, 2002, denied Petitioner's habeas corpus petition after a review on the merits. This Court denied a certificate of appealability on April 5, 2002. The Ninth Circuit did likewise on December 5, 2002.

The underlying petition challenged a 1998 judgment from the Los Angeles County Superior Court in which Petitioner was convicted of kidnaping during a car jacking, kidnaping, car jacking, and second

degree robbery. He was sentenced to a prison term of life plus five year. Petitioner claims that at some point in time the matter was remanded by the California Court of Appeal to the trial court, but the record does not reflect that. *See People v. McMillan*, 2002 WL 1044819 (Cal.Ct.App. May 23, 2002).

Regardless, Petitioner claims that he is entitled to relief from judgment because following a re-sentencing by the trial court in 2001 or 2002, his transcripts, appellate briefs, and investigator's reports were mislaid and/or confiscated by California prison officials. He further claims that he did not timely receive the magistrate judge's Report and Recommendation, because he was in transit between prisons. Petitioner states that he notified the Court of his difficulties in November 2001 and January 2002. The docket reflects an extension request and further reflects that an extension of time was granted on January 11, 2002. Judgment was entered on February 21, 2002, before Petitioner's objections were filed on March 8, 2002. However, Petitioner was able to timely file a notice of appeal and a request for certificate of appealability in the Ninth Circuit.

Petitioner later filed a civil rights action pursuant to 42 U.S.C. § 1983 against various prison officials, alleging denial of access to the courts and retaliation, apparently arising from the confiscation of the legal materials relating to this habeas corpus action. *McMillan v. Carpenter*, Case No. CV 03-1857-ABC (FFM). Judgment was entered for the defendants on May 28, 2007. Plaintiff appealed, and on August 11, 2010, the Ninth Circuit affirmed in part and vacated in part. Significantly, the Ninth Circuit specifically found that the district court had properly granted summary judgment to defendants on McMillan's denial of access to the courts claim, stating that "he failed to raise a triable

issue as to whether he suffered an actual injury as a result of defendants' alleged conduct." Remand was ordered on Plaintiff's retaliation claim with respect to three of the defendants, who allegedly caused Plaintiff to be separated from his legal materials at the time this habeas corpus petition was pending. *See McMillan v. Carpenter*, Case No. 08-55356 at pp. 2-5 (9th Cir. 2010). After remand, the case settled and a stipulation to dismiss was entered.

Petitioner claims that he is entitled to relief from judgment in this case because he was denied his transcripts and legal materials while this habeas corpus petition was pending, which deprived him of the ability to raise additional claims for relief. Although he raised six claims of ineffective assistance of counsel in his 2001 petition, he now seeks to present seven entirely new claims for relief arising from alleged trial error.

Both the motion for relief from judgment and the motion to augment the appeal will be denied.

**II. Discussion**

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from final judgment for the reasons given in one of six clauses. These include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Motions based on the first three clauses must be brought within one year of the entry of judgment, while motions relying upon the fourth, fifth, or sixth clause must be brought "within a reasonable time." *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004)(citing Rule 60(b)).

1    Petitioner brings this motion pursuant to the sixth clause, which
2 is the "catch-all" provision. This is necessary because any other basis
3 for relief falls far outside the one-year time period for filing a
4 motion under clauses 1, 2, or 3. Relief under clause 6 is available
5 only in extraordinary circumstances, *Gonzalez v. Crosby*, 545 U.S. 524,
6 536 (2005)(citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950)),
7 and should be provided only "sparingly and as an equitable remedy to
8 prevent manifest injustice." *Hamilton*, 374 F.3d at 825 ("A party is
9 entitled to relief under Rule 60(b)(6) where 'extraordinary
10 circumstances prevented [him] from taking timely action to prevent or
11 correct an erroneous judgment.'")(citations omitted). However, the
12 motion for relief from judgment, filed eleven years after entry of
13 judgment, falls far outside any concept of temporal reasonableness.
14    In addition, relief is not warranted on the merits. The Ninth
15 Circuit has already determined that Petitioner was not denied the right
16 of access to the courts as a result of the loss of his legal documents
17 because he did not suffer an actual injury. *Lewis v. Casey*, 518 U.S.
18 343, 351 (1996). And a review of the claims for relief that Petitioner
19 now seeks to present demonstrates that they are all alleged trial
20 errors, which would have been readily apparent to him in 2001 when he
21 first filed this petition. Petitioner has failed to demonstrate that
22 there were extraordinary circumstances that would justify relief under
23 Rule 60(b) at this late date nor has he shown that extraordinary
24 circumstances prevented him from taking timely action to prevent or
25 correct an erroneous judgment. Petitioner's motion is without merit.
26    In addition, the Court notes that Petitioner is not really seeking
27 to correct an erroneous judgment, but is attempting to obtain a second
28 opportunity to file a section 2254 habeas corpus petition. 28 U.S.C. §

2244 (b)(3)(A) requires that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A second and/or successive petition, like the one petitioner seeks to file, requires Ninth Circuit approval before it can be considered by the district court because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton v. Stewart,* 549 U.S. 147, 153, 157 (2007).

A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that 1) the claim rests on a new, retroactive, constitutional right, or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have reached the same factual conclusion. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements. A petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D. Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.") Having failed to obtain approval from the court of appeals to raise additional claims, the Court lacks jurisdiction to consider them.
//

Finally, the motion to augment appeal will also be denied. There is no appeal pending to augment. And, the motion to augment simply identifies the additional claims for habeas corpus relief that Petitioner now seeks to raise.

## III. Conclusion

For the reasons discussed above, Petitioner's motion for relief from judgment and motion to augment appeal are DENIED. No additional motions for reconsideration, rehearing, or other relief shall be entertained under this case number.

Dated: March 27, 2013

_____
Audrey B. Collins
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge